All right. Good morning, Your Honor. Daniel Levin for the petitioners Salvador and Delfina Rodriguez. I'd like to reserve just a minute for rebuttal. You're with Munger Tolls? That's correct, Your Honor. And this is a pro bono case on behalf of your firm? That's correct, Your Honor. Thanks for taking it on. Thank you. You're welcome, Your Honor. I'm happy to do it. Thanks for being here. Our firm is happy to do it, and I know a number of people have taken on these cases. I appreciate it. Your Honors, there are two errors in this case. First, the immigration judge didn't follow the law. An immigration judge has to consider hardship evidence cumulatively. That is, the judge has to consider the totality of the circumstances. That's not what happened here. Didn't she say that? She did say it, Your Honor. Didn't she say at one point on the record, I've considered the cumulative effect of all of these factors? Yes. She says, I have to apply a cumulative test, and under the cumulative test, we don't make it. That's the first thing she says. And then she goes on for five more pages, Your Honor, and she says, for each aspect of hardship, she says, this particular aspect isn't extreme and unusual. It alone is not extreme and unusual. She does it, and I counted, ten times in her opinion. So the fact that she says it doesn't insulate. We have the benefit here of actually seeing the judge's work. We see her walk through. She said, and I quote, considering the hardship cumulatively, this Court concludes that the Respondents in this matter have not established that removal would result in extreme and unusual hardship. Why isn't that enough? Your Honor, it's not enough here, because we actually know, and that's, I think, on page 59 of the record, and she goes on, I think, for about another five pages in her oral decision. And she walks through each piece of evidence. And here's what she does. She gets to, for example, and this is on page 60 of the administrative record, she gets to Mrs. Rodriguez's mother and father, who live with the petitioners. She says, well, they would experience some hardship because they both have illnesses. Mrs. Rodriguez's mother has diabetes. She has to go for monthly checkups for medical monitoring. She says, that's some hardship, but that's not exceptional and extremely unusual. Next point. The petitioners are financially dependent. I'm sorry. The grandparents are financially dependent on Mr. and Mrs. Rodriguez. But that's not exceptional and extremely unusual. Next point. They live with their — the grandparents would be separated from the grandchildren. There's five of them. Roberts. Is what you're arguing about the placement of her statement about cumulative? It's not a — In other words, if it had been just reversed, if she had gone through the individual factors one by one and then at the end saying not only do I think that no individual factor constitutes a basis for relief, nor does their cumulative impact, would that have been enough? Your Honor, it's not a magic word. I'm not asking for some magic formula. I'm just asking if she had done what I just described, in other words, gone through the individual factors first and then talked about cumulative, would that have been enough? If she hadn't told us for each factor, that factor, standing alone, is an exceptional and extremely unusual, because I think it portrays the fact that what she's doing is she's rounding down for each factor. She's saying, well, this one is an exceptional and extremely unusual. Then she gets to the end and she adds them up. But zero plus zero plus zero, of course, at the end of the day still equals zero. So it's not simply saying at the end versus the beginning. It's how she does it. And we have — there could be a case where saying it in — maybe it's enough. It's not. But let me read you a case where the BIA does a cumulative analysis and sort of what it looks like. And this is the Racines case. And it says, hardship analysis requires the assessment of hardship factors in their totality, often termed cumulative analysis. And then it goes into the evidence. It says, here, the heavy financial burden and familial burden on the adult respondent, lack of support from the children's father, the United States citizens' children's unfamiliarity with Spanish, lawful residence in this country, and it goes on, the concomitant lack of family in Mexico, combined to render the hardship in this case well beyond that which is normally expected. That's a cumulative analysis. It's taking everything into account together, not saying, here's one piece. Here's one piece and that's not enough by itself. Here's the next piece. It's not enough by itself. And we get to the end. And sure enough, well, they haven't met the standard. But they haven't met the standard because each piece has been knocked down one by one. Well, I think we understand what cumulative means. We're used to dealing with it, for example, in criminal cases, in direct criminal appeals, and in habeas review of state court criminal convictions where there's prosecutorial misconduct and maybe each one of them, if it only occurred individually, isolated, they would not be a basis for granting relief or for reversing a conviction. But taken together cumulatively, they may add up to cumulative errors sufficient to reverse the conviction or grant relief. Is there any suggestion that this immigration judge didn't understand that sort of general concept? I think the suggestion comes in how she did it and how she looked at the evidence. And it goes on for pages. And I think it's the how. Anything other than the placement of her statement about cumulative? I don't think it's simply the placement of the cumulative statement. Well, to put it slightly differently, had she at the end, after giving those individual factors, said essentially what she did at the beginning? Instead of saying at the end, having listed the individual factors accordingly, that's why I'm concluding this, had she not given that conclusion to the individual factors without mentioning anything about cumulative factors, but at that end part put something maybe somewhat expanded like what she had at the beginning and made that as a conclusion, following the accordingly, that indicated she hadn't added those factors up. It is, to some extent, a question of placement. If you list the individual factors, you can then say one of two things. You can then say either now considering them cumulatively, as I do, that probably would have been enough, I assume. But if instead of saying now, instead of considering them cumulatively, you list them individually and then say accordingly because of all these individual factors. So it is, to some extent, your answer to Judge Hawkins, I would assume, would be that the placement is a considerable part of the problem. Sure. That's absolutely correct, Your Honor. If she had gotten to the end and she hadn't along the way knocked down each piece as it, saying alone doesn't meet the standard and said, now I'm going to take it all together and I consider all these different pieces of hardship and even cumulating them, it doesn't meet the standard. Well, that's a totality of the circumstances. But instead what she said after listing the individual ones is accordingly and then comes either an unintelligible sentence due to typographical errors. Where she grants relief. Yeah, she grants the relief. But I assume she meant to say not, and it may not be the immigration judge. It may be the transcriber. But the basis for her decision, apparently, after listing all the individual factors, is accordingly they've concluded that the extreme and exceptional has been established on the record before. I don't know what that means. But in any event, that would seem to be a statement that the reason for the decision is the individual factors considered individually. That's exactly right, Judge Ronhart. I think that it's ‑‑ she does. She says accordingly the court has concluded that the exceptional extreme unusual hardship standard has, and I assume there should be a not, been established. But we know now, she's now five pages into this discussion, and we know how she did it. And she did it wrong. So I think we can see the error. And sure, Judge Hogg, if she had got to the end and said now I'm going to sum it all up and talk about everything and take it all into account, that would be a different case. What's the ‑‑ we have no jurisdiction to review the discretionary decision itself. But we do have jurisdiction to review a legal question. What is the legal question here? The legal question is whether you use the right test. And that's a legal question. It's the kind of test that would be reviewed de novo here if it came up out of a district court, whether a district court judge used the right test. It's different from reweighing the evidence, which would be a sort of ‑‑ that's a review of the discretionary determination saying you've applied the right test, but I think that there's a different ‑‑ these factors actually add up differently. And that's a discretionary determination. It may be outside of this Court's jurisdiction under Romero-Torres. But this is a ‑‑ this is just a question of law. Did you use the right test or not? And this Court can look at the record and say you did not, and it can remain for application. The right test is whether the immigration judge considered cumulative evidence.  Whether, yes, whether the evidence was cumulative. In other words, you know I wouldn't be having this discussion if she hadn't mentioned it at all. Right. If she'd simply gone through the individual factors and denied relief. We would not ‑‑ your position would be she didn't consider the cumulative impact of these hardships, and that's legal error, correct? That's correct. So we're down to whether her mention in the way she did, as elucidated by my colleague, is sufficient. Does that insulate the decision? The answer is no. I think the Rays-Rays case is a pretty good example of this. It's a convention against torture case, and it's cited in the brief. And in that case, the immigration judge starts off, and the question is whether the immigration judge used the proper standard for torture. It starts off by saying the proper standard for torture is that the torture has to be by or at the instigation of or with the consent or acquiescence of a public official. It's in the BIA opinion, or I guess it's the IJ opinion, streamlined. And ‑‑ but then goes on to actually require that the torture be by or at the instigation of a public official and not with consent or acquiescence. And the Court found a legal error there in reverse. So just the fact that it's mentioned. Well, your case would be easier if that sentence that Judge Hawkins pointed to at the beginning was simply a statement of the standard. And if she had said the standard is cumulative and then went on and listed the things and didn't really apply that test. This is a more difficult case because she doesn't just say the standard is cumulative, but she says in that sentence that she is applying it. She says considering the hardship cumulatively, we conclude that they haven't established it. So it's a statement which you, I guess, are arguing is contradicted by what she actually does when she makes the application of the rule. When she uses the rule, I think, Your Honor, we can see that the fact that she has a sentence saying there's a cumulative standard and they fail under the cumulative standard today, then we actually see what she does. And I know in the brief we cite the Arvizu case, which is a totality of the circumstances case, where this Court notes at the outset the correct reasonable standard under Sokolow and says that it doesn't meet the totality of the circumstances. And the Supreme Court said, well, you know, that we look beyond simply what's said at the beginning. And they looked at how the reasonableness and the factors were actually considered in the opinion. So I think that there is some Supreme Court precedent that would say you do look beyond just that opening recital of the standard. Kennedy. Well, I think if the Supreme Court was right in reversing Arvizu, you may well be right here. I think they are fallible because they're final. Let me turn very briefly to the due process question. The government has argued in a 28-J letter filed yesterday that the Court, that petitioners have no due process rights in their proceedings because cancellation removal is a discretionary form of relief. We filed yesterday afternoon a 28-J letter. I don't know if the panel has gotten it. I think the government is wrong. To say that there is no procedural due process in any immigration hearing which involves discretionary relief is contradicted by numerous decisions of this Court. It would call into question all of those decisions and not overrule them. Going back to suspension of deportation proceedings, which is also discretionary, where the government, where I'm sorry, this Court has found on multiple occasions that the denial of a neutral adjudicator in a proceeding for discretionary relief did violate the Fifth Amendment. I did a case many, many, many years ago. Judge Reinhart concurred. Judge Norris dissented. Which I held that an illegal alien in this country is entitled to constitutional protections. Remember that? Okay. You didn't find that case, did you? It was written before you were born. They only have Fed Second and Fed Third at the law firm, Judge. Your Honor, I don't think we even need to go. We can look back just in the last few years and see this Court has said on multiple occasions that aliens in deportation proceedings have Fifth Amendment rights. And even when the relief is discretionary, they have a right to procedural due process. And the cases that the government cites, which are from those from this circuit, they have to do with voluntary departure or with other forms of a substantive due process allegation or with other forms of claims that didn't go directly to the procedural due process issue. Okay. Thanks. Thank you, Your Honor. Good morning. John Williams on behalf of the government. Isn't this a pretty simple question of how you read the decision and whether you read it as showing that the I.J. did apply the standard or whether you read it as saying that the I.J. didn't apply the standard? Well, it is pretty simple. And starting with that question, it's clear here that the immigration judge applied the correct standard. But I want to step back. Except for that sentence that Judge Hawkins pointed out at the beginning, considering the hardship cumulatively, if you – except for that sentence, where do you find any indication that the I.J. did apply it cumulatively? Well, let me – let me just step back for one second, Your Honor, and just address this point. First of all, if we go back to the hearing before the immigration judge, the Petitioner waived any right to raise this argument. No, no. I'm asking you about your question. You said it's pretty clear from the decision that the I.J. applied it cumulatively. Or maybe it was more than pretty clear. Maybe you said quite clear or very clear. But that was what you said. My question was addressed to your statement. Page – the administrative record, page 58. The immigration judge clearly states the law. And here's the point. Nowhere does Petitioner – Your Honor, stating the law is one thing. I said, where do you find that he applied the law? There's no disagreement about this – about what the law is. The question is, did the I.J. apply it? And other than the statement that says considering the hardship cumulatively, I ask, is there anything in the opinion that indicates, demonstrates, tells you that the I.J. did apply it? The test, Your Honor, is applying the statute to the facts and circumstances. Don't you have to disbelieve her statement to find that she didn't make a conclusion about cumulative? Well, you have to – She says – You have to – I may be trying to help you a little bit here, so you may not want to interrupt me. Considering the hardship cumulatively, this Court concludes that the Respondents in this matter have not established that removal would result in extreme and unusual hardship. My question is, don't you have to disbelieve the content of that statement to conclude that she didn't apply the standard? Yes. Okay. Now, if we can go back to my question, is there anything other than that sentence, which you may, whatever you want to do with it, you might be kinder than to think she's lying. You might think she's going through some kind of formula. But my question was, other than that statement, is there anything in the opinion? Yes. All right. She begins at page – administrative page 58, outlining the law. And she says, as the Board has held, exceptional and extremely unusual hardship is hardship that's – We're now at page 58? Page 58. What paragraph? At the third – the third and fourth paragraph. And this is going to be something which shows that he's – that she applies it cumulatively. Is that – what is – what words does the paragraph start with? If your Honors would look at the fourth paragraph, the last paragraph on page 58, hardship to the applicant himself may not be considered unless it affects the hardship to a qualifying relative. In considering the hardship to a qualifying relative, the Court must consider the hardship cumulatively. Right. To a relative. A relative. Does that say you accumulate the hardship to all the relatives? Well, she's – she's using that – that language such that it's – it is clear that the – that there is not a legal question here, that she has established what the law is, understands what the law is, and is following the law. Well, there's – What? Those are two different questions, understand what the law is and applies to the law. I was trying to get you to show me something in here. When she starts applying the law, whether there's anything when she applies the law that does anything other than apply it individual by individual. Is there anything that – other than the one sentence we've talked about, when you actually apply it, is there anything that shows she applies it cumulatively? It – yes. There – there – it's several things. It's not just in her opinion, but it's throughout the record. She listens to – to eight of the – So the answer is, I think, no. There's nothing in the opinion. Yes. Their qualifying relatives on page 59 in this matter consist of the Respondent's mother, the female Respondent's two lawful permanent residents, and their five U.S. children. She's looking at – the immigration judge is looking at and expressing that I am considering all of the relatives and I'm considering it cumulatively, because the next line is considering the hardship cumulatively. All right. We're back to that one sentence. She's still talking about the same sentence. But the question to you was whether there was anything else. And you either go back and say, well, it's in the record, or you say considering the hardship cumulatively. I understand about considering the hardship cumulatively. I was trying to find out whether it – when she actually analyzes it, there's anything that suggests that she's doing it cumulatively. There's a – there's a follow-up. There's a follow-up in 59 where she says there's been no evidence presented from which this Court could conclude that she would establish exceptional and unusual – extremely unusual hardship. It is replete. What she's doing is looking at all of the evidence, and it's replete that she's gone painstakingly and asked question after question as to this – as to all of the evidence. Eighty-some-odd pages of record evidence that – to consider the extreme and unusual hardship. As you say, anywhere. These folks have been here for, what, how many years? Fifteen years at that time, I believe. And, you know, they're working. They have five children. All but one of them, the youngest, is in school. And then thinking about the fact that perhaps other than the oldest one, who's got a girlfriend and who was chastised for not being a little – not thriftier with his salary vis-à-vis his girlfriend. But is there anything where she talks about the fact that you're going to have four of these children who are, in effect, going to be exiled from this country because they're going to go with their parents down in Mexico? Cumulative effect. One of the – there's some heart-wrenching stories that each of these kids tell. Well, it's standard. This is what they've expressed as standard, the lack of speaking English, education. They're all healthy. Even the parents are found to be healthy, the ones with diabetes and so forth. What do you mean, lack of speaking English? That they speak English but maybe don't speak Spanish as well. Did you look at – you've got four or five kids all together. Did she look at that, what impact that's going to have on each child's life and then together, cumulatively? Yes. Yes, she did, Your Honor. How does she do that? She does that. Goes through each one and says, well, you know, that's the way it goes. Your Honor, what this case is about is it boils down to the petitioner's claim. All his arguments are a claim that the immigration judge abused their discretion. If the court would look at a Freedy versus the U.S. No, no, it's not a question of whether – if she abused her discretion. It's a question of whether she made a legal error in not applying a test that she recognized. And that was not presented before the immigration judge. It was not presented on appeal to the board. In the appeal brief to the board, the appellant petitioner says the immigration judge did not properly evaluate all of the equities of respondents and used incorrect reasoning to deny their importance. That is a weight of the evidence. That was what was raised to the board. That is what were limited here before this Court. The petitioner has failed to exhaust, waived and failed to exhaust their argument that the immigration judge did not cumulatively take into consideration all of the evidence in this matter. And for that reason alone, this Court should dismiss the matter. Moving on to the discretion. Did you raise that in your brief? No, Your Honor. That is not raised. And that's why I'm raising it to the Court now, and I wanted to get that in, because if you look on page 3 of the record You didn't waive it by not raising it in your brief? You can't waive jurisdiction, Your Honor. And so that's why I'm bringing it up now. The Court lacks jurisdiction because they didn't present this argument to the board. And the board didn't have a chance to consider this. The board looked at this a second time and affirmed this decision in finding and in doing so, they found that this immigration judge cumulatively applied the correct law. And in a Freedy, it's broken down as to statutory construction versus the application of a statute to the facts and circumstances. And the immigration judge followed a Freedy. There is no question from the Petitioner that there was the wrong law applied or that there was a matter or question of statutory construction. And Petitioner conceded that she has laid out the proper law in cancellation of removal. What the Petitioner is doing here is basically saying we didn't like the outcome, the immigration judge abused their discretion, and they're now asking the Court to consider that. And the Court cannot. Who represented these folks before the immigration judge? I don't know the attorney, but there was an attorney who – there were several attorneys. Ultimately, one held the hearing, and the name is in the record, and presented the evidence. There were no objections raised that Your Honor is not following – is not taking evidence. No objections were raised that the – Did people go before – did they make contact with a notario first to refresh my memory? I have no idea, Your Honor. You don't have any idea? No. There's no evidence from Petitioner that notarios were involved, and I didn't see any record evidence. They were represented by counsel. At the end of the name was Esquire, and they were asked, is this – by the immigration judge, is this the counsel that you wish to have represent you? So they were represented. They did not raise these questions. In fact, they were allowed to present all of these witnesses before the immigration judge. Were there any effective assistance? None made. No. How do you expect them to raise the question that her decision doesn't apply to cumulative test at the time of the hearing when she hasn't made the decision? If, for example, a witness or evidence wasn't allowed. Well, they're not complaining. It's not done. It wasn't done. Okay. All right. There were no objections to any of the evidence. The Petitioner was allowed to bring in mother – parents of both, the wife and the children were allowed. Judge Reinhart's point is really very simple, and it does you no good to not recognize it, and it's simply this. When the I.J. announces her – is this a she? Yes. Announces her decision, there's not an opportunity for the Petitioner counsel to stand up and say, Your Honor, you're wrong about what you just said because you made a legal error. There's no opportunity to do that, right? No. It doesn't erode the government's position to admit that fact. No. And that's why – that's why I raised the point that that was not raised to the Board on appeal, because that is indeed – That's a fair argument. Talking about it not being raised at the I.J. level is not a good idea. The – and looking at this case, as the government has stated, it boils down to one where the Petitioner has done a grand job at nitpicking areas in claiming an abuse of – abuse of discretion. Listen, if we were here about abuse of discretion, this case would not have been calendared for argument, okay? Okay. So it's not about that. The question is whether the I.J. made a legal error. And, Your Honor – In five minutes and ten seconds beyond your allotted time, you seem to have exhausted the defense of that position. Is there anything more you need to say about it? I would – I would just – I would just note that in this instance, the – the immigration brief, that question was not framed properly. And thus, this Court lacks jurisdiction to consider. And I would ask the Court to dismiss. Okay. Thank you. We'll give you a minute. Thank you, Your Honor. Very briefly, let me address the exhaustion point. Two points. First, it was a pro se brief to the BIA. I think it can easily be read to have essentially raised this when we construe a pro se brief liberally, as we have to. The brief says, incorrect reasoning, cavalierly treated CSR's problems, other factors in support of this case that the I.J. did not properly evaluate. Second point is, you can waive – the government can waive this type of exhaustion argument. You can't waive the jurisdictional requirement to file a brief with the BIA. But the petitioners did that. You can waive issue exhaustion because it's not jurisdictional. And I would point the Court to a case exactly about this issue recently from the Second Circuit called Zong v. United States, and that's at 461 F. 3rd 101. And it's quite a lengthy opinion that addresses precisely this issue and holds that issue exhaustion is waiveable by the government when it's not in the Respondent's brief. How did you happen to have a case to answer that question when the government didn't mention that issue before the argument? The exhaustion, it occurred to me as preparing for the argument, Your Honor, that it was possible the government would raise exhaustion. They raised something else in their letter yesterday. That's pretty good. Thank you, Your Honor. Would you fill out a slip with a citation to that case? Yes, Your Honor. And give a copy to the government counsel? Yes. Thank you. Thank you, Your Honor. All right. This matter will stand submitted. And now we'll go to the next case, Eddy v. Radar Pictures. Thank you, Your Honor.
judges: Pregerson, Reinhardt, Hawkins